UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TORSHARE LTD., <br><br> Plaintiff, <br><br> v. <br><br> IGLO, LLC; SUNEEL MENON; AND DOES 1-10, <br><br> Defendants. | Case No.: 4:22-cv-00482 |

## AMENDED COMPLAINT

Plaintiff TORSHARE LTD. ("Plaintiff"), by and through the undersigned counsel, hereby files this First Amended Complaint ("FAC") against Defendants IGLO, LLC, SUNEEL MENON, and DOES 1-10 (collectively referred hereto as "Defendants"). The FAC is filed with the consent of the counsel for Defendants pursuant to a Joint Status Report filed by both parties on July 25, 2022, whereby both parties agreed that each party may amend their pleadings without obtaining leave of Court within 10 weeks after the Scheduling Conference. The Scheduling Conference was conducted on July 11, 2022.

## INTRODUCTION

1. Plaintiff brings this action against Defendants and alleges as follows based upon personal knowledge, information, and belief.

2. This action arises from Defendants' failure to pay for goods received, whereby Plaintiff now seeks recovery of damages as a result of Defendants' failure and continued refusal to tender payments.

3. As set forth below, the parties entered into two agreements. One agreement was for sale of 6500 pieces of LED panel lights at the price of $35.20 each on or around June 12, 2017. The other was for sale of 2300 pieces of UFO Highbay lights at the price of $65.00 each on or around December 19, 2017. Plaintiff has performed all its obligations by shipping the goods and Defendants have failed to make payments for the goods received.

4. Despite having made multiple attempts to resolve this matter, Defendants have continued to ignore and avoid Plaintiff's repeated attempts to obtain the payment.

## THE PARTIES

5. Plaintiff is, and at all relevant times has been, a corporation incorporated and having its principal place of business in the People's Republic of China.

6. Defendant IGLO, LLC ("IGLO") is a Texas entity established and having its principal place of business in the State of Texas with address at 4924 Cambridge Road, Fort Worth, TX 76155.

7. Defendant Suneel Menon is a Texas resident, who on information and belief, owns and manages IGLO.

8. Plaintiff is presently unaware of the true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Defendants Does 1 through 10, inclusive, and accordingly sues said Defendants by such fictitious names.

9. Plaintiff alleges on information and belief that each of the Defendants designated herein as Does 1 through 10, inclusive, is in some manner responsible for the events and happenings referred to herein and/or that such Defendants are liable in some manner for the obligation described herein. Plaintiff will amend this complaint to set forth the true names and capacities of said Defendants when ascertained and if necessary.

10. Upon information and belief, each Defendant is, and at all relevant times has been, the agent and representative of the other Defendants; and each Defendant at all relevant times acted, and each continues to act, with the knowledge and consent of all other Defendants; and each Defendant is liable for the acts and omissions of the other Defendants.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and court costs. Plaintiff is a citizen of People's Republic of China. Defendants IGLO and Suneel Menon are citizens of Texas.

12. This Court has personal jurisdiction over IGLO because IGLO was established and has its principal place of business in this district. This Court has personal jurisdiction over each Defendant because each Defendant has purposefully availed itself of the privilege of transacting business in this District.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because each of the Defendants is a resident of this judicial district of the State of Texas, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted, infra, occurred in this judicial district.

## FACTUAL BACKGROUND

14. Plaintiff is a high-tech company carrying out the business of manufacturing and sale of various LED products. Over the years prior to 2017, the parties were engaged in series of business transactions where Plaintiff supplied LED products to IGLO in return for payments by IGLO. The parties conducted the transactions through emails and phone calls for quote and

quantity, providing proforma invoice and bill of lading by Plaintiff and tendering payments by IGLO upon receipt of goods.

15. On or around June 12, 2017, IGLO emailed Plaintiff asking for quote on 6500 pieces of LED panel lights and Plaintiff responded with a proforma invoice providing a unit price of $35.20 each. The proforma invoice also provided for the deliver term as FOB and payment terms. A true copy of the proforma invoice is attached hereto as Exhibit 1.

16. From July 26, 2017 to November 20, 2017, Plaintiff arranged for seven shipments of LED panel lights for the total amount of 6500 pieces[1] through third party carriers and obtained bills of lading for the shipments (the "LED Contract"). The address for consignee, IGLO, LLC, is at 4924 Cambridge Road, Fort Worth, TX 76155, the principal place of business of Defendant IGLO. The person to contact for the delivery is Sonny Menon that, upon information and belief, is Defendant Soneel Menon. The total contract price for the 6500 pieces of LED panel lights is $228,800. A true copy of the seven bills of lading is attached hereto as Exhibit 2.

17. On or around December 19, 2017, IGLO emailed Plaintiff asking for quote on 2300 pieces of UFO Highbay lights and Plaintiff responded with a proforma invoice providing a unit price of $65.00 each. The proforma invoice also provided for the deliver term as FOB and payment terms. A true copy of the proforma invoice is attached hereto as Exhibit 3.

18. Plaintiff arranged for two shipments of UFO Highbay lights for the total amount of 2355 pieces[2] through third party carriers and obtained bills of lading for the shipments on May 28,

---

[1] (1) Bill of lading No. LT201700030 issued on November 20, 2017 contains 42 pieces of LED panel lights; (2) bill of lading No. LT201700011 issued on August 22, 2017 contains 1400 pieces of LED panel lights; (3) bill of lading No. LT201700012 issued on August 22, 2017 contains 1400 pieces of LED panel lights; (4) bill of lading No. LT201700016 issued on September 5, 2017 contains 866 pieces of LED panel lights; (5) bill of lading No. CSSZCC170932 issued on September 27, 2017 contains 10 pieces of LED panel lights; (6) bill of lading No. LT2017005 issued on July 26, 2017 contains 1388 pieces of LED panel lights; and (7) bill of lading No. LT2017006 issued on July 26, 2017 contains 1394 pieces of LED panel lights.

2018 and March 14, 2018, respectively (the "UFO Contract"). The address for consignee, IGLO, LLC, is at 4924 Cambridge Road, Fort Worth, TX 76155, the principal place of business of Defendant IGLO. The person to contact for the delivery is Sonny Menon that, upon information and belief, is Defendant Soneel Menon. The total contract price for the 2355 pieces of UFO Highbay lights is $153,075. A true copy of the two bills of lading is attached hereto as <u>Exhibit 4</u>.

19. Both of the LED Contract and UFO Contract asked for payment after the receipt of goods, but Defendants never made the payments. Plaintiff tried to request for payments of the total amount of $381,875 ($228,800 + $153,075) by reaching out to Defendant Soneel Menon on WeChat, but Soneel Menon indicated that he wanted to return the lights and refused to pay.

20. Plaintiff offered to pick up the lights at IGLO's location but Defendant Soneel Menon asked for $100,000.00 labor fee without any legal basis. Defendant Soneel Menon also indicated that the lights had been sold and delivered to his customers.

21. After Plaintiff requested for accounting of the $100,000.00 labor fee, Defendants stopped responding and disappeared without ever tendering payments or returning the lights.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

22. Plaintiff realleges and incorporates by reference each and every allegation set forth in the forgoing Paragraphs as though fully set forth herein and further alleges as follows.

23. The parties, for valuable consideration, entered into two separate valid and enforceable contracts on August 2017 and February 2018, respectively, providing for the shipments of 6500 pieces of LED panel lights and 2355 pieces of UFO Highbay lights by Plaintiff

---

[2] (1) Bill of lading No. WYTN8050428 issued on May 28, 2018 contains 895 pieces of UFO Highbay lights; and (2) bill of lading No. WYTN8020372 issued on March 14, 2018 contains 1460 pieces of UFO Highbay lights.

in return for money payment by Defendants. Plaintiff performed but Defendants breached the duty to pay.

24. The essential elements in a breach of contract claim are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damages as a result of the breach. *Frost Nat'l Bank v. Burge (Tex.Ct.App. 2000) 29 S.W.3d 580, 593.*

25. The essential elements of a valid contract are: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) consideration; (4) mutual assent (meeting of minds) regarding material terms; (5) execution and delivery of the contract with the intent that it be mutual and binding. *Sameera Arshad & Almorfa, LLC v. Am. Express Bank, FSB (Tex.Ct.App. 2019) 580 S.W.3d 798, 804*.

26. Defendants made an offer to purchase 6500 pieces of LED panel lights and 2355 pieces of UFO Highbay lights after receipt of quote from Plaintiff.

27. Plaintiff tendered the shipments with strict compliance with the offer in return for a total contract price of $381,875.

28. The determination of whether there is a meeting of minds is based on upon objective standards of what the parties said and did and not on their subjective state or mind. determined by the objective manifestations of the parties. *City of The Colony v. N. Tex. Mun. Water Dist. (Tex.Ct.App. 2008) 272 S.W.3d 699, 720.* "Meeting of minds" describes the mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract. *Id.*

29. The parties had meeting of mind because they agreed to the quantity and price of the goods purchased, as well as the delivery and payment terms.

30. The contract was formed and Plaintiff finished performance when Plaintiff arranged for the shipments through third party carrier.

31. Defendants neither made payment for the lights nor returned the lights.

32. Defendants' breach caused damages to Plaintiff in an amount exceeding $381,875.

## SECOND CAUSE OF ACTION

### (Account Stated)

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in the forgoing Paragraphs as though fully set forth herein and further alleges as follows.

34. Plaintiff is entitled to the payments for lights received by Defendants under account stated.

35. A party is entitled to relief under the common law cause of action for account stated where (1) transactions between the parties which give rise to an indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *Dulong v. Citibank (S.D.), N.A. (Tex. Ct. App. 2008) 261 S.W.3d 890, 893. Arnold D. Kamen & Co. v. Young, (Tex. Ct. App. 1971) 466 S.W.2d 381, 388.*

36. [All] authorities agree that proof of plaintiff's delivery of goods or rendition of services to defendant and defendant's acknowledgment of a certain sum as due to plaintiff is sufficient for a prima facie case, without other proof of price, value, quantity, or specific items. *Magic Carpet Co. v. Pharr (Tex. Civ. App. 1974) 508 S.W.2d 696, 697.*

37. Because an agreement on which an account stated claim was based could be express or implied, the creditor did not have to produce a written contract as long as it was able

to produce other evidence of the agreement between the parties to meet its burden of proof. *Dulong supra, at 892.*

38.     Defendants owe Plaintiff the payments for the LED and UFO lights delivered and received. Plaintiff has established a prima facie case for account stated by having provided the proof of four shipments of LED lights and two shipments of UFO lights with bills of lading. Defendants acknowledged the sum due to Plaintiff as the quote was given to Defendants prior to the shipments and the total value of lights shipped was stated on the bills of lading.

39.      Defendant made a promise to pay for the lights by having failed to object for months and even years after receipt of the lights along with bills of lading stating the amount due. The court has, upon sufficient testimony, found that such statements and invoices were retained without objections an unreasonable length of time. *Peurifoy v. Hood Rubber Products Co. (Tex.Civ.App. 1933) 59 S.W.2d 428, 430.* The testimony supports the conclusion of the trial court that the defendants assented to the correctness of the accounts as submitted. *Id*. Express or implied assent is sufficient. *Id.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, as follows:

A.     For money damages against Defendants for breach of contract in the sum of no less than $381,875;

B.     For an award to Plaintiff against Defendants for pre-judgment and post-judgment interest;

C.     For an award of attorney's fees pursuant to §38.001 of the Texas Civil Practice and Remedies Code;

D.     For an award of costs to Plaintiff against Defendants; and

E. For such other relief as this Court may deem just and equitable.

Dated: September 16, 2022    Respectfully submitted,

            By: */s/ Faye Deng*
               Faye (Yifei) Deng (Cal. Bar No. 339284)
               (*pro hac vice admitted*)
               YK Law LLP
               445 S. Figueroa St. Suite 2280
               Los Angeles, CA 90071
               fdeng@yklaw.us
               Telephone: (213) 401-0970

               *Attorneys for Plaintiff Torshare Ltd.*

## **CERTIFICATE OF SERVICE**

I certified that on September 16, 2022, a true and correct copy of this pleading was served on all counsel of record by electronic service in accordance with the Federal Rules of Civil Procedure.

               */s/ Faye Deng*
               Faye (Yifei) Deng