IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TORSHARE LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00482-BP** |
| | § | |
| **IGLO, LLC,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motion for Partial Summary Judgment with Brief and Appendix in Support (ECF Nos. 28-30, respectively) filed by Defendants iGlo, LLC ("iGlo") and Suneel Menon ("Menon") (collectively "Defendants"), Response with Brief and Appendix in Support (ECF No. 38-40, respectively) filed by Plaintiff Torshare LTD ("Torshare"), and Defendants' Reply to the Motion with Appendix in Support (ECF Nos. 53-54). After reviewing the pleadings, summary judgment evidence, and applicable legal authorities, the Court **GRANTS** the Motion and **DISMISSES** Torshare's claims against iGlo and Menon **with prejudice**.

## I.    BACKGROUND

Torshare is a Chinese corporation that sells various lighting products to companies in the United States. ECF No. 39 at 5. Defendant iGlo is an importer and wholesaler of LED products based in Fort Worth, Texas. ECF No. 29 at 6. On June 2, 2022, Torshare filed suit against iGlo and Menon for breach of contract and on an account stated. ECF No. 1. On September 16, 2022, Torshare filed an Amended Complaint against the Defendants. ECF No. 19.

In its Amended Complaint, Torshare alleges that it sold 6500 pieces of LED panel ("LED") lights and approximately 2300 UFO Highbay ("UFO") lights to iGlo in an amount totaling

$381,875. ECF No. 19 at 4-5. Torshare claims that iGlo refused to pay for or return the lights, and it sued iGlo for breach of contract and on an account stated. *Id*. at 5-7. Additionally, Torshare sued Menon, the owner and manager of iGlo, in his individual capacity for breach of contract and account stated. ECF No. 19 at 2.

Defendants answered the Amended Complaint, denying the allegations and asserting affirmative defenses of limitations and release. *See* ECF No. 20. Defendant iGlo also countersued Torshare for breach of contract and to recover its attorney's fees. *Id*. Defendants then moved for partial summary judgment, stating that iGlo had paid for the LED lights, which turned out to be defective. ECF No. 29 at 6-7. Defendants say that as compensation for these defective lights, Torshare agreed to send the UFO lights free of charge, and the parties agreed that iGlo did not need to return the defective LED lights or pay any additional consideration for the replacement product. *Id*. Additionally, Defendants argue that even if iGlo had not paid for the lights, the applicable statute of limitations barred Torshare's claims. ECF No. 29 at 9. Moreover, iGlo argues that, regardless of the statute of limitations, it reached a settlement with Torshare on this issue in 2018 that released it from any obligations related to the lights, including Torshare's claims here.

In its response to iGlo's Motion, Torshare admits that iGlo paid for the LED lights. ECF No. 39 at 5. Torshare also admits that it delivered the 2300 pieces of UFO lights free of charge to replace the 4000 unopened, defective LED lights. *Id*. However, Torshare asserts that the parties entered an oral agreement in 2017 that required iGlo to return the unopened LED lights (the "modification agreement"), but iGlo never returned the lights and instead liquidated them for a profit, in breach of the modification agreement. *Id*. at 11. Consequently, Torshare now asserts that it also is entitled to recover some of the profit from the liquidation. *Id*.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc. Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court views summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Additionally, it resolves factual controversies

in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In considering the Motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242-43. The Court grants the Motion only if the movant meets its burden and the nonmovant fails to make the requisite showing of a genuine issue of material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

## III.    ANALYSIS

### A.    Texas law governs this suit.

A federal court sitting in a diversity case such as this one applies the forum state's choice-of-law rules to determine which substantive law will apply. *Weber v. PACT XPP Techs.*, *AG*, 811 F.3d 758, 770 (5th Cir. 2016) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)). Torshare filed its case in this Court, so under *Klaxon*, Texas choice-of-law rules apply. Texas follows the Restatement (Second) of Conflict of Laws. *Maxus Exploration Co. v. Moran Bros.*, 817 S.W.2d 50, 53 (Tex. 1991). When parties do not contract for the application of the law of a particular forum, § 188 of the Restatement provides for application of the "law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6." Restatement (Second) of Conflict of Laws § 188 (1971). Section 188 directs the court to pay particular attention to the place of contracting, the place of

4

negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id*.; *Weber*, 811 F.3d at 772.

The parties have not provided the Court with the sales contract for the LED or UFO lights at issue in this case. However, they have cited Texas cases and legal principles in their pleadings as if they agreed that Texas law applies. *See* ECF Nos. 19-21, 28, 38, 53. Moreover, the sales contract governed the sale of lights to a company based in Fort Worth, Texas. Torshare delivered the lights to iGlo in Texas, and the dispute regarding the defective lights and the subsequent liquidation of those lights also arose in Texas. Texas has the most significant relationship to the facts at issue in the case. Accordingly, the Court applies Texas substantive law to this case.

**B.    There is no question of material fact regarding iGlo's payment for the LED lights.**

In its Amended Complaint, Torshare alleges that "the parties, for valuable consideration, entered into two separate valid and enforceable contracts on August 2017 and February 2018, respectively, providing for the shipments of 6500 pieces of LED panel lights and 2355 pieces of UFO Highbay lights by [Torshare] in return for money payment by [iGlo]." ECF No 19 at 5-6. Torshare states that it performed its duties under the contract when it arranged for shipment of the lights from a third-party carrier, but iGlo neither paid for the lights nor returned them. *Id*. at 7. Torshare argues that as a result, iGlo breached the contract. *Id*.

Additionally, Torshare argues that it is entitled to the payments for lights received by iGlo under account stated. *Id*. at 8. A common law cause of action for account stated arises when "(1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due, and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness." *Marshall v. Crown Asset Mgmt*., *LLC*,

5

No. 13-17-00115-cv, 2017 WL 6379830, at *1 (Tex. App.—Corpus Christi-Edinburg Dec. 14, 2017, no pet.). Once again, Torshare alleges that it shipped the goods to iGlo in satisfaction of their agreement, but iGlo never paid for the lights it received. ECF No. 19 at 8. Accordingly, Torshare argues that iGlo owes it payment at the agreed upon price for the lights "delivered and received." *Id*.

However, in Torshare's response to iGlo's Motion, it admits that iGlo indeed paid Torshare for the LED lights. ECF Nos. 39 at 5, 40 at 4. Additionally, Torshare admits that it agreed to deliver 2300 pieces of UFO lights free of charge to iGlo to replace the defective, unopened LED lights. *Id.* Thus, in its Response, Torshare concedes any fact question relating to iGlo's alleged breach of contract and account stated claims regarding payment for the lights.

### C.    The statute of limitations has run on Torshare's breach of contract and account stated claims.

Even if Torshare had not admitted that iGlo paid for the lights, iGlo still would prevail on its affirmative defense of limitations. A breach of contract claim accrues when the contract is breached. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). The contract is not breached until a wrongful act occurs. *See Anderson v. Cocheu*, 176 S.W.3d 685, 690 (Tex. App.—Dallas 2005, pet. denied). A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Johnson & Higgins of Tex*., *Inc*. *v. Kenneco Energy, Inc*., 962 S.W.2d 507, 514 (Tex. 1998).

A four-year statute of limitations applies to breach of contract claims in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 2023). The issue of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug*, *Inc*., 787 S.W.2d 348, 351 (Tex. 1990). In moving for summary judgment on the affirmative defense of limitations, iGlo must establish as a

matter of law the date a cause of action accrues. *KPMG Peat Marwick v. Harrison County Hous.*

*Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

Similarly, an account stated claim accrues "on the day that the dealings in which the parties were interested together cease." *See* Tex. Civ. Prac. & Rem. Code § 16.004(c) (West 2023). The statute of limitations for an account stated claim is also four years after the day the cause of action accrues. *Id.* at § 16.004(a); *Marshall*, 2017 WL 6379830, at *1; *Hwang v. Cap. One Nat'l Ass'n*, No. 02-22-00120-cv, 2023 WL 166434, at *12 (Tex. App.—Fort Worth Jan. 13, 2023, pet. denied).

The invoices for the shipment of lights at issue show that payment was due sixty days after the good were shipped. Therefore, iGlo was obligated to pay for the defective LED lights no later than November 24, 2017 and for the UFO lights on or before May 14, 2018. ECF Nos. 29 at 11, 30 at 5, 11, 17, 27. If iGlo failed to pay by those dates, Torshare could have filed a suit for breach of contract or account stated suit for the LED lights no later than November 23, 2021, and for the UFO lights no later than May 13, 2022. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a) (West 2023). However, Torshare filed this suit on June 2, 2022 (ECF No. 1), which was past the four years provided in the applicable statute of limitations.

In its response to the Motion, Torshare alleges that iGlo never returned the defective lights and instead liquidated the lights on July 18, 2018, in breach of the modification agreement. ECF No. 39 at 11. IGlo argues that there never was a contractual provision requiring it to return the lights, but even if there were, limitations would bar Torshare's claim. ECF No. 29 at 7, 53 at 5.

Whether an agreement constitutes a contract is generally a question of law. *Musallam v. Ali*, No. 02-16-00282-CV, 2019 WL 1950179, at *8 (Tex. App.—Fort Worth May 2, 2019, no pet.); *Effel v. McGarry*, 339 S.W.3d 789, 792 (Tex. App.—Dallas 2011, pet. denied). But when the parties dispute whether there was a meeting of the minds, determination of the existence of a

contract is a question of fact. *Musallam*, 2019 WL 1950179 at *8. The parties disagree on whether they entered into a contract for the return of the lights, and both sides offer evidence that supports their respective position. ECF Nos. 40 at 4, 54 at 48. Accordingly, there is a fact question regarding the creation and contents of the modification agreement as it relates to iGlo's duty to return the defective lights. However, the existence of this fact question is immaterial to the issues to be tried because the statute of limitations bars Torshare's claim for breach.

Torshare alleges that Menon agreed to return the defective lights upon receipt of the UFO lights, but failed to do so. ECF No. 54 at 15.  In response, iGlo argues that any breach of this contract would have occurred in March or April 2018 when Torshare first learned that iGlo would not return the lights. ECF No. 53 at 6.

On March 14, 2018, David Chang, Torshare's sales director, wrote to Menon that Torshare wanted iGlo to return the lights. ECF No. 54 at 21. Chang then spent the first half of 2018 "chasing Menon and asking him to return the lights," but Menon refused to return the lights. *Id*. at 15. Additionally, Chang's deposition shows that Torshare was aware that iGlo began selling off the defective lights in April 2018, an act contrary to the alleged modification agreement. *Id*. at 23. Thus, iGlo argues that any breach of the modification agreement occurred in March or April when Torshare first learned that iGlo was not returning the defective LED lights

Torshare counters that the breach occurred on July 18, 2018. ECF No. 39 at 7, 12. Torshare offers evidence that it exchanged several text and email messages with iGlo regarding the return of the lights starting in March 2018 and ending in July 2018. ECF Nos. 39 at 7, 40 at 5. Finally, on July 16, 2018, Torshare sent an email to iGlo demanding that it return 2000 defective lights in two days or Torshare would take action. ECF No. 40 at 5, 92. However, iGlo refused to return the 2,000 lights, and Torshare asserts that this refusal on July 18, 2018 was the date of breach because

on that date it became "clear to [it] that [iGlo] would never return the 4000 plus unopened LED panel lights as agreed." *Id.* at 5.

What constitutes a breach of contract is a question of law. *Matter of Dallas Roadster*, *Ltd*., 846 F.3d 112, 127 (5th Cir. 2017); *E.P. Towne Ctr. Partners*, *L.P. v. Chopsticks*, *Inc*., 242 S.W.3d 117, 123–24 (Tex. App.—El Paso 2007, no pet.). "A breach of contract occurs when a party fails or refuses to do something he has promised to do." *Zieche v. Burlington Res. Inc. Emp. Change In Control Severance Plan*, 506 F. App'x 320, 324 (5th Cir. 2013) (quoting *Capstone Healthcare Equip. Servs., Inc. ex rel. Health Sys. Grp., L.L.C. v. Quality Home Health Care, Inc*., 295 S.W.3d 696, 699 (Tex. App.—Dallas 2009, pet. denied). Moreover, an action for breach of contract accrues immediately upon breach. *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). Thus, Torshare's breach of contract and account stated claims accrued either immediately after iGlo failed to return the defective lights upon arrival of the replacement lights on March 14, 2018, or in April 2018 when iGlo acted contrary to the alleged modification agreement and sold some of the lights instead of returning them to Torshare. Either way, Torshare knew of facts that authorized it to seek a judicial remedy by the end of April 2018. *Johnson*, 962 S.W.2d at 514.

Torshare claims that it tried for months to get iGlo to return the defective lights and negotiate a possible solution to the dispute. However, the subsequent failed negotiations to try and find a solution did not toll the statute of limitations because Torshare could have filed its suit well within the four years provided. *See Fonseca v. USG Ins. Servs., Inc*., 467 F. App'x 260, 261 (5th Cir. 2012) (holding that plaintiff should have filed suit within the applicable statute of limitations and then sought arbitration to resolve the issue). If it were otherwise, any party could attempt to negotiate a settlement with the breaching party indefinitely despite the running of the statute of limitations. The summary judgment shows, and the Court holds, that Torshare did not file suit

against Defendants until after the four-year statute of limitation had run, and any claim for breach is barred as a result.

**D.    Torshare cannot recover proceeds of the liquidated LED lights.**

In its response to iGlo's Motion, Torshare argues for the first time that it should recover the proceeds from iGlo's liquidation of the LED lights. Defendants argue in their reply that this claim is not part of Torshare's live pleading, which only raised a breach of contract and account stated claim based on its alleged failure to fully pay for two sets of lights. ECF No. 53 at 6.

"A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990)). This rule means that a defendant is entitled from the pleadings stage onward to "fair notice of what the claim is and the grounds upon which it rests." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698-99 (2009)).

Torshare's new claim for recovery rests on two statutory provisions. First, it asserts that under § 2.603(a) of the Texas Business & Commerce Code, iGlo had a duty after rejecting the LED lights to follow any reasonable instruction received from Torshare with respect to the lights. ECF No. 39 at 9 (citing Tex. Bus. & Com. Code Ann. § 2.603(a) (West 2023)). According to Torshare, iGlo breached this duty by refusing Torshare's request to help sell the lights or return the LED lights from its warehouse. *Id.* at 10. Second, Torshare claims that under § 2.603(b), the buyer is entitled to reimbursement from the seller or out of the proceeds for reasonable expenses of caring for or selling rejected goods. *Id.* at 11 (citing Tex. Bus. & Com. Code Ann. § 2.603(b) (West 2023)). Torshare argues that this section, conversely, provides that it is entitled to recover

the proceeds from the sale of the rejected LED lights in excess of any reimbursement owed to iGlo. *Id*.

The Court may not consider Torshare's newly asserted claims because it did not plead them in its Amended Complaint. *See generally* ECF No. 19. Torshare did not give iGlo fair notice of what the claim is and the grounds upon which it rests. *DeFranceschi*, 477 F.App'x. at 204. Accordingly, the Court cannot consider this claim as Torshare first raised in response to iGlo's Motion. *Id*.

**E.      There is a fact issue on iGlo's affirmative defense of release.**

Defendant iGlo states that in 2018, the parties entered into a valid release and agreed that iGlo would not have to return any of the defective LED lights or pay for the replacement UFO lights. ECF No. 29 at 13. Moreover, iGlo states that this release fully settled the parties' dispute over the defective LED lights. *Id*. Torshare argues that the release was not valid because iGlo knew that Homer Hong ("Hong"), the Torshare employee who entered into the agreement, did not have apparent authority to execute the release based on his role in the company. ECF No. 39 at 14.

Upon reviewing the summary judgment evidence provided by both parties on this issue, the Court sees a fact question regarding Hong's authority to execute the release. However, the existence of this fact question is immaterial to the issues to be tried because, as stated above, the statute of limitations bars Torshare's claim for breach, and the Court does not reach iGlo's affirmative defense of release.

**F.      Torshare may not bring a case against Menon in his individual capacity.**

"Due to the limited liability that corporations and [limited liability companies] offer to their [managers], a plaintiff seeking to impose individual liability on an owner must 'pierce the corporate veil.'" *Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 442-44 (5th Cir. 2013). Texas

11

law insulates members and managers of LLCs from the corporation's contractual or contractually related obligations "on the basis that the holder . . . is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory." *Id.*; Tex. Bus. Orgs. Code Ann. § 21.223(a)(2) (West 2023); *Id.* at 101.002 (extending the provisions regulating and restricting veil piercing of corporations to an LLCs' managers and members). Section 21.223(b), however, creates an exception to this limitation. *Spring St.*, 730 F.3d at 442. A shareholder may be personally liable for a corporation's obligations "if the obligee demonstrates that the . . . beneficial owner . . . caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the . . . beneficial owner." *Id.*; Tex. Bus. Orgs. Code Ann. § 21.223(b).

To hold Menon liable for the breach of contract or account stated claims, Torshare must show that Menon used the corporation to perpetuate an actual fraud against Torshare for his personal benefit. Actual fraud is defined as "involv[ing] dishonesty of purpose or intent to deceive." *Spring St.*, 730 F.3d at 442–43 (citing *Tryco Enters., Inc. v. Robinson*, 390 S.W.3d 497 (Tex. App.—Houston [1st Dist.] 2012, pet dism'd)). However, Torshare has not offered any evidence or argument in its Amended Complaint or response to iGlo's Motion to show that Menon's actions involved dishonesty or a purpose or intent to deceive Torshare. *See generally* ECF Nos. 19, 39. Moreover, Torshare has not offered any evidence that the breach of contract or failure to pay the account directly benefited Menon. *Id.* Accordingly, Menon is entitled to summary judgment on the breach of contract and account stated claims brought against him as a matter of law as Torshare has not raised an issue for trial on whether the Court should pierce iGlo's corporate veil and hold him liable. *Spring St.*, 730 F.3d at 443.

## IV.    CONCLUSION

The applicable statutes of limitation bar Torshare's claims for breach of contract and account stated against iGlo and Menon. Moreover, Torshare did not timely raise its claim to the proceeds of the liquidated, defective LED lights in its Amended Complaint, but instead brought this claim forward in response to IGlo's Motion for Partial Summary Judgment. This was procedurally improper, and the claim is not before the Court. Thus, after reviewing the pleadings, the summary judgment evidence, and applicable legal authorities, the Court **GRANTS** iGlo's Motion for Partial Summary Judgment (ECF No. 28) and **DISMISSES** Torshare's claims against iGlo and Menon **with prejudice**.

It is so **ORDERED** on July 11, 2023.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

13